[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT AND MOTION FOR REDUCTION FOR COLLATERAL SOURCES
The plaintiff Marino D'Ancona was involved in a two car accident while driving his father's car on December 16, 1996. The accident was the fault of the driver of the other vehicle. The other driver was uninsured. The plaintiff brought this action to recover damages from the defendant Metropolitan Insurance Company that provided uninsured motorist coverage for the D'Ancona vehicle.
After ajury trial, the jury returned a verdict for the plaintiff in the amount of $4904.24 in economic damages and zero in noneconomic damages. The economic damages comported with evidence offered by the plaintiff as to the cost of his ambulance trip, his emergency room visit, and his months of treatment with Richard Rosa, a chiropractor.
The plaintiff moves to set aside the verdict, or in the alternative for an additur. The only issue addressed in his motion to set aside the verdict that was not the subject of a prior ruling by this court during trial is his claim that the jury verdict is internally inconsistent and CT Page 4157 therefore cannot stand. The plaintiff cites the case of Schroeder v.Triangulum Associates, 259 Conn. 325 (2002), for the proposition that the jury's award is inadequate as a matter of law. The defendant counters with the argument that the case of Wichers v. Hatch, 252 Conn. 174
(2000), is more nearly analogous to the current fact pattern and that, under the Wichers rationale, judgment should be entered on the current verdict.
As in Wichers, there was evidence in this case that Mr. D'Ancona had injured the same body part in another incident some years before (a set of shelves containing backpacks fell on him at a store in 1992). The plaintiff was treated by a chiropractor for the prior injury which the plaintiff felt was severe enough that he initiated a personal injury lawsuit about it. The plaintiff attended approximately eighty-three therapy sessions during the period from September 1992 to March 1993. After the 1996 accident, the plaintiff was checked out at the hospital and released. There is evidence that thereafter the plaintiff delayed seeking treatment for several weeks. He missed only one and one-half days of work. The plaintiff offered evidence that since the time of the accident he had suffered continuing pain, and that he was unable to perform certain activities with the same ease with which he had performed them prior to the accident.
Although the cause of the accident was not disputed by the defendant, the nature and extent of the plaintiff's injuries were hotly disputed, as was the issue of whether any pain and suffering was caused by the auto accident, as opposed to the 1992 incident.
The jury could have found that the evidence was sufficient to award the expenses of treatment because the expenses were reasonable and necessary and causally related to the 1996 accident, but that the evidence was insufficient to establish that the plaintiff suffered a permanent disability or that he ever felt any substantial pain.
The jury could have logically concluded that the plaintiff, who had suffered a prior injury to the neck, on suffering the subsequent injury, was reasonable in attending chiropractic treatment for the new injury, despite suffering no pain after the second injury. The court is not prepared to say that, as a matter of law, the evidence compels a different finding or a different result.
Accordingly, the court declines to order an additur or to set aside the verdict.
As for the motion addressed to the collateral source reduction (#129), the parties have stipulated to a finding that there are collateral CT Page 4158 sources that apply to reduce the verdict in the amount of $1000.
The Motion to Set Aside the Verdict (#130) is denied. Motion #129 is granted. The court hereby enters judgment for the plaintiff in the amount of $3904.24, exclusive of costs.
______________________________ Patty Jenkins Pittman, Judge